UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21690-UNGARO

CARMEN C. DOMINGUEZ,
    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

**ORDER AFFIRMING THE**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

    THIS CAUSE is before the Court upon Plaintiff's Motion for Summary Judgment (D.E. 15) and Defendant's Motion for Summary Judgment (D.E. 21).

    THE MATTERS were referred to the Honorable William Dubé, United States Magistrate Judge. (D.E. 3.) On March 17, 2010, Judge Dubé issued a Report and Recommendation recommending that Plaintiff's Motion be DENIED and Defendant's Motion be GRANTED. (D.E. 24.) Plaintiff has filed objections to Judge Dubé's Report and Recommendation. (D.E. 25.)

    THIS COURT has made a *de novo* review of the entire file and record herein, and is otherwise fully advised in the premises.

**Background**

    Plaintiff applied for Social Security disability benefits and for Supplemental Security Income benefits. Her application was denied. Petitioner then requested a hearing before an Administrative Law Judge ("ALJ"), which was held. The ALJ rendered an unfavorable decision

1

finding that Plaintiff suffered from depression (a severe impairment), but that Plaintiff retained the residual function to perform a full range of medium work and that she could return to her past work as clothing sorter/classifier.  In sum, the ALJ found that Plaintiff was not "disabled" as defined by the Social Security Act.  Plaintiff's request for appeal to the Social Security Administration's Appeals Counsel was denied.  Plaintiff then filed a complaint with this Court seeking judicial review of the denial of her disability and supplemental income benefits.  (D.E. 1.)

In her Motion for Summary Judgment, Plaintiff argues that the ALJ committed five errors.  First, the ALJ failed to accord adequate weight to the opinion of Plaintiff's treating physician.  Second, the ALJ improperly gave considerable weight to the global assessment of function ("GAF") ratings used by the American Psychiatric Association in her evaluation of Plaintiff's psychiatric impairment.  Third, the ALJ erred in giving more weight to the opinion of the non-examining state agency reviewing consultant over the opinion of Plaintiff's treating physician.  Fourth, the ALJ failed to properly assess Plaintiff's residual function capacity ("RFC").  And fifth, the ALJ erred by accusing Plaintiff of lying, malingering, and exaggerating her symptoms.

Judge Dubé rejected all five of Plaintiff's arguments, finding instead that the ALJ's decision was supported by substantial evidence and that the correct legal standards were applied.  Accordingly, Judge Dubé recommended that Plaintiff's Motion for Summary Judgment be denied.  As discussed more fully below, Plaintiff objects to Judge Dubé's findings as to her first,

second, third, and fifth arguments.[1]  The Court will consider each of these objections in turn.

### Legal Analysis

Judicial review of factual findings in disability cases is limited to determining whether the ALJ's findings were based upon substantial evidence and whether the correct legal standards were applied.  *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); 42 U.S.C. § 405(g).  "Substantial evidence is described as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Graham,* 129 F.3d at 1422.  If supported by substantial evidence, then the ALJ's findings are conclusive.  *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); 42 U.S.C. § 405(g).  Even if the Court finds that the "evidence preponderates against the [ALJ's] decision, [the court] must affirm if the decision is supported by substantial evidence."  *Barnes*, 932 F.2d at 1358.  This restrictive standard of review applies only to factual conclusions; ALJ's conclusions of law do not receive a similar presumption of validity.  *Brown v. Sullivan,* 921 F.2d 1233, 1236 (11th Cir. 1991).

**A.     The ALJ did not err in failing to accord adequate weight to the opinion of Plaintiff's treating physician and, instead, in giving more weight to the opinion of a consultative psychologist.**

Plaintiff argues, as she did before Judge Dubé, that it was gross error for the ALJ to (i) reject or discount the limitations placed on her by her treating psychiatrist, Dr. Hernandez, and (ii) give more weight to the opinion of a consultative psychologist.

It is well-established that the opinion of, diagnosis, and medical evidence of a plaintiff's treating physician should be accorded substantial weight unless good cause is shown for not

---

[1]     Plaintiff does not object to Judge Dubé's finding that the ALJ properly evaluated the evidence of the record prior to making the RFC determination as required by the regulation.

doing so. *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). "Good cause" exists when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). A contrary opinion by a non-examining physician does not create good cause, and a treating doctor's opinion is entitled to more weight than a consulting physician's opinion. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1998); *Wilson v. Heckler*, 734 F.2d 513, 519 (11th Cir. 1984). Additionally, "[t]he reports of reviewing non-examining physicians do not constitute substantial evidence on which to base an administrative decision." *Id.* If the ALJ disregards the opinion of a treating physician, then the ALJ must clearly articulate his reasons. *See Barnhart*, 357 F.3d at 1240-41.

In this case, the ALJ found that Dr. Hernandez's assessment of Plaintiff was inconsistent with objective medical evidence in the record, and, therefore, she chose not to accept Dr. Hernandez's conclusions regarding Plaintiff's ability to perform work activity. The ALJ observed that Dr. Hernandez never spent more than twenty minutes with Plaintiff at any given time, and he never performed psychological testing. (ALJ Decision at 6.) The ALJ considered all of Dr. Hernandez's treating notes, but found that the GAF conclusions contained therein were based on very brief examinations and that his notes did not support the serious impairment implied by such a low GAF score. (*Id.* at 7.) For example, Dr. Hernandez assigned Plaintiff a GAF score of 45 after a thirteen minute exam in September 2003; meanwhile, he found Plaintiff's speech, thought processes, and thought content to be normal. (*Id.*) Moreover, although Plaintiff was depressed and anxious, she had good orientation, her memory was

unremarkable, and no side effects were observed.  (*Id.*)

The ALJ was also not persuaded by Dr. Hernandez's residual functional capacity assessment, dated September 2008.[2]  The assessment indicated that Plaintiff had a seriously limited ability to perform virtual all work-related functions, but these findings were inconsistent with Dr. Hernandez's treatment notes and the other evidence contained on the record.   For example, contrary to the September 2008 assessment, Dr. Hernandez consistently ranked Plaintiff's insight, judgment, and reliability as fair and as "less depressed" on several occasions.  Additionally, the record showed that Plaintiff was stable on medication.

Thus, contrary to Plaintiff's arguments, the ALJ did not err in giving less than controlling weight to Dr. Hernandez's opinion because the ALJ specified the good cause reasons for declining to do so, and there was substantial evidence supporting her decision.  *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (1997) (stating that treating physician's opinion need not be accorded substantial weight when there is good cause, and ALJ's reasons are specified).  For these same reasons, the ALJ did not err in giving more weight to the opinion of a State agency review psychologist.  *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (stating that an ALJ may reject a treating doctor's opinion upon a finding that it is contrary to the evidence).  In sum, the Court affirms Judge Dubé's conclusion that the ALJ provided good cause to reject Dr. Hernandez's opinion, and her decision is supported by substantial evidence.

---

[2]     In addition to the September 2008 assessment, Plaintiff argues that the ALJ did not properly consider or reject a medical assessment conducted by Dr. Hernandez in January 30, 2009.  (*See* Pl's Mot. SJ at 9.)  However, as Plaintiff recognizes, this January 2009 assessment was not part of the administrative record.  (*Id.* at 3.)  Plaintiff does not seek a remand for consideration of this report, nor does she proffer any reason why this assessment should now be made a part of the record.  Accordingly, the Court will not consider this 2009 assessment here.

**B.     The ALJ did not err in giving considerable weight to the GAF.**

Plaintiff argues, as she did before Judge Dubé, that the ALJ gave considerable weight to Plaintiff's GAF ratings, and this is contrary to the position of the Commissioner of Social Security. The plain reading of the ALJ's decision, however, shows that she did not in fact rely on the GAF ratings. Rather, the ALJ expressly *discredited* the GAF ratings, finding them unsupported by objective medical findings. (*See* ALJ Decision at 6 ("[T]here is no justification for the diagnoses, opinions, and the low GAF scores . . . .") Accordingly, the Court affirms Judge Dubé's finding that Plaintiff's argument regarding the GAF ratings is without merit.

**D.     The ALJ did not err in accusing Plaintiff of lying, malingering, and exaggerating her symptoms.**

Plaintiff argues, as she did before Judge Dubé, that the ALJ erred by accusing Plaintiff of malingering, lying, and exaggerating her symptoms. Candidly, Plaintiff's counsel states that he is "unable to find a regulation or caselaw dealing with the subject of alleged malingering on the part of the claimant." (Objections at 13; Pl's Mot. for SJ at 15.) Yet, he goes on to argue that the ALJ's "accusations" are extremely prejudicial because it "has an effect in [sic] her entire testimony plus it also places a doubt on the mind of the fact finder which can become extremely prejudicial, as in this case." (Pl's Mot. for SJ at 16.) He argues further that the ALJ started "fishing out inconsistencies in the record and which are common in most cases . . . ." (*Id*.)

Judge Dubé treated this argument as one attacking the ALJ's credibility determination of Plaintiff. (Report and Recommendation at 14-16.) Judge Dubé found that the ALJ did not commit any error because she "specifically noted several inconsistencies between Plaintiff's testimony and the record in addition to the statement [by Dr. Robertson] that the Plaintiff was

6

malingering." (*Id*. at 16.) Plaintiff, however, states in her objections that Judge Dubé somehow missed the mark because he did not consider whether ALJ erred by accusing the Plaintiff of malingering. The Court finds that Judge Dubé correctly addressed Plaintiff's argument as a credibility argument. Plaintiff provided no law or authority for the proposition that the ALJ erred in any way except for the fact that the ALJ concluded, after considering all of the evidence, that Plaintiff's credibility was poor and that she was malingering. The ALJ stated that the testimony shows that the Plaintiff is under no dire compunction to seek work and that motivation is a legitimate factor to be considered in assessing credibility. In sum, the ALJ's statement regarding Plaintiff's malingering is part and parcel of the ALJ's credibility determination. The ALJ's credibility determination is supported by substantial evidence on the record, and, therefore, there is no error.

## Conclusion

In conclusion, the Court has reviewed Plaintiff's claims and objections but agrees with the analysis contained in the Magistrate Judge's Report, and, having conducted a *de novo* review of the record, it is hereby

ORDERED AND ADJUDGED that the Magistrate Judge's Report is RATIFIED, ADOPTED, and AFFIRMED. It is further

ORDERED AND ADJUDGE that Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of May, 2010.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record